UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY DOSS                                                          PETITIONER

V.                         CIVIL ACTION NO.  1:08CV215-SA-JAD

RAYMOND BYRD                                         RESPONDENT

## REPORT AND RECOMMENDATION

The respondent has moved to dismiss (Doc. 5) this petition pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations. The petitioner has not filed a response to the motion.

The Anti-Terrorism and Effective Death Penalty Act establishes the procedure for federal habeas petitions. 28 U.S.C. §2244(d) provides, in pertinent part:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     **** [1]
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] The other dates that may trigger a later running of the statute are: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) and (2). There has been no showing that these provisions are applicable to this case.

The petitioner was convicted of selling cocaine in the Circuit Court of Oktibbeha County. His conviction and sentence were affirmed by the Mississippi Court of Appeals on December 14, 4, 2004. No further steps were taken to pursue discretionary appeal and under Mississippi procedure, his conviction became final fourteen days later on December 14, 2004. M.R.A.P. 40(a). The one year period for the filing of a federal petition for habeas corpus began to run on that date. Therefore, unless the petitioner filed a "properly filed" application in state court as contemplated by 28 U.S.C. §2244(d)(2) on or before December 28, 2005, the running of the statute of limitations would not be tolled. The record shows that he filed no post-conviction motion within the one year period. The state petition filed shortly before the running of the Mississippi period of limitations is immaterial. His petition in this court was filed under the mail box rule between August 22, 2008 and August 25, 2008. His petition is time barred. Doss has not alleged any circumstances that justify equitable tolling.

Accordingly, it is recommended that the respondent's motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of March, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE